UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALLADIAN PARTNERS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> PROVINCE OF BUENOS AIRES, <br><br> Defendant. | Civil Action No: <br><br> **COMPLAINT** |

Plaintiff Palladian Partners, L.P. ("Plaintiff"), by and through its undersigned counsel, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff obtained two (2) final Judgments (as defined below) in the 10th Civil Division of the German Regional Court of Frankfurt am Main (Landgericht Frankfurt am Main) (the "German Court") against Defendant Province of Buenos Aires ("Defendant"), and now seeks recognition and enforcement of the Judgments against Defendant under the New York Uniform Foreign Country Money Judgments Act (as amended), N.Y. C.P.L.R. §§ 5301-09.

2. Defendant has failed to make any payments on the Judgments since they were entered.

3. Unlike other cases involving bonds issued by Defendant, this proceeding does not involve (i) bonds that are within the scope of Defendant's current proposal to certain bondholders regarding a potential restructuring of its external debt, (ii) issues of standing to pursue the underlying claims, or (iii) any other defenses Defendant may argue it has against the claims of other parties. Plaintiff's standing and claims have already been adjudicated by a court of competent jurisdiction, resulting in years-old Judgments in Plaintiff's favor that remain

unsatisfied. Plaintiff now seeks relief in this Court to enable it to enforce and satisfy these Judgments.

## PARTIES

4. Plaintiff is a limited partnership organized under the laws of the Cayman Islands, residing at Ogier Fiduciary Services (Cayman) Limited, 89 Nexus Way, Camana Bay, Grand Cayman, KY1-9007, Cayman Islands. Plaintiff is the holder of certain bonds issued by Defendant (the "Bonds") and governed by various bond documents and offering circulars (the "Bond Documents"). Plaintiff obtained the Judgments based on its ownership of the Bonds and Defendant's events of default under the Bond Documents.

5. Defendant is a political subdivision of the Republic of Argentina (the "Republic"), a "foreign state" as defined in 28 U.S.C. § 1603(a), and the issuer of the Bonds.

6. Germany is a "foreign country" as defined in N.Y. C.P.L.R. § 5301(a).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330, which confers jurisdiction on federal district courts for any claims against foreign states, including political subdivisions thereof. In the Bond Documents, Defendant explicitly waived objections to venue and any claim of immunity from suit (including, but not limited to, sovereign immunity) with respect to its obligations under the Bonds, pursuant to 28 U.S.C. § 1605(a)(1). The relevant language is essentially the same in the varying Bond Documents:

> [Defendant] hereby irrevocably submits to the jurisdiction of the District Court, Frankfurt am Main, Federal Republic of Germany and waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of such [legal] Proceedings and any present or future objection to such Proceedings whether on grounds of venue, residence or domicile. [Defendant] agrees that a final judgment in any such Proceedings in the courts mentioned above shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or any other matter provided by law.

> To the extent [Defendant] has or hereafter may acquire any immunity (sovereign or otherwise) from jurisdiction of any court or from any legal process (whether through service or notice, . . . execution or otherwise), with respect to itself or its revenues, assets or properties . . . , [Defendant] hereby irrevocably waives such immunity in respect of its obligations under the [Bonds].[1]

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f) based on party agreement and Defendant's assets located in the State of New York.

9. New York law applies to proceedings to enforce the Judgments under N.Y. C.P.L.R. §§ 5302 and 5303.

## FACTUAL ALLEGATIONS

10. Between May 1999 and April 2000, Defendant issued the Bonds under German law: (i) €174 million 9.75% Bonds due May 6, 2004, bearing ISIN DE0003040408 (the "2004 Bonds"), (ii) €350 million 10.75% Bonds due March 3, 2005,[2] bearing ISIN DE0004528450 (the "2005 Bonds"), and (iii) €150 million 10.625% Bonds due July 14, 2006, bearing ISIN DE0003138806 (the "2006 Bonds"). The Bonds were issued as global certificates without interest coupons and held in custody by Deutsche Börse Clearing AG - now Clearstream Banking S.A., Frankfurt am Main ("Clearstream").

11. Defendant holds a beneficial interest in the Bonds as follows: (i) €1.082 million of the 2004 Bonds, (ii) €787,000 of the 2005 Bonds, and (iii) €818,000 of the 2006 Bonds.

---

[1] Offering Circular of 9.75% Bonds due 2004, dated May 4, 1999 (the "2004 Bond Offering Circular," a copy of which is attached hereto as Exhibit 1), §§ 16.04 and 16.05; Offering Circular of 10.75% Bonds due 2005, dated April 11, 2000 (the "2005 Bond April Offering Circular," a copy of which is attached hereto as Exhibit 2), §§ 15.05 and 15.06; Offering Circular of 10.75% Bonds due 2005, dated February 29, 2000 (the "2005 Bond February Offering Circular," a copy of which is attached hereto as Exhibit 3), §§ 15.05 and 15.06; Offering Circular of 10.625% Bonds due 2006, dated July 14, 1999, as amended on July 23, 1999 (the "2006 Bond Offering Circular," a copy of which is attached hereto as Exhibit 4), §§ 14.04 and 14.05.

[2] €300 million 10.75% Bonds due 2005 issued on March 3, 2000 were consolidated with €50 million 10.75% Bonds due 2005 issued on April 14, 2000. *See* 2005 Bond Offering Circular, at 1.

12.     Pursuant to the Offering Circulars, failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default.[3]  A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is also an event of default.[4]

13.     The Offering Circulars provide that if an event of default occurs, holders of the Bonds may declare the principal of the Bonds to be due and payable immediately, together with accrued interest to the date of acceleration.[5]

14.     In December 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic.  As a result, Defendant defaulted on the Bonds.  A description of the circumstances of similar defaults is provided in *Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804, 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003); *Applestein v. Province of Buenos Aires*, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003).  Since December 2001, Defendant has failed to make any payment of principal or interest on the Bonds (or the subsequent Judgments).

15.     Upon information and belief, holders of the Bonds provided the respective paying agents written notice that they were demanding immediate payment of the principal and interest due on the Bonds.  Plaintiff subsequently notified Defendant of an event of default, demanding payment on its Bonds by February 24, 2017.  Defendant did not cure the default.

16.     On February 27, 2017, Plaintiff filed a complaint in Germany, seeking payment on the Bonds and judgment against Defendant (the "German Lawsuit").  Defendant appeared and sought to dismiss the German Lawsuit on various grounds.

---

[3] *See* 2004 Bond Offering Circular, § 9; 2006 Bond Offering Circular, § 8; 2005 Bond April Offering Circular, § 9; 2005 Bond February Offering Circular, § 9.

[4] *See id.*

[5] *See* 2004 Bond Offering Circular, § 9.02; 2006 Bond Offering Circular, § 8.02; 2005 Bond April Offering Circular, § 9.02; 2005 Bond February Offering Circular, § 9.02.

17.     The German Court issued a judgment in favor of Plaintiff on December 18, 2017 (the "December 2017 Judgment"), and the December 2017 Judgment became final on February 23, 2018 (the "February 2018 Judgment," a copy of which is attached as Exhibit 5, along with a certified translation from German to English).  On April 4, 2018, the German Court issued an additional judgment in favor of Plaintiff awarding costs and legal fees in connection with the German Proceeding (the "April 2018 Judgment," a copy of which is attached as Exhibit 6, along with a certified translation from German to English, and the April 2018 Judgment together with the February 2018 Judgment, the "Judgments").  The Judgments are final, non-appealable and enforceable.

18.     Pursuant to the February 2018 Judgment, Defendant must pay to Plaintiff:

   i.   €818,000 plus 12.625% interest per annum as from January 1, 2014 until the moment of settlement of the judgment by Defendant related to the 2006 Bonds;

   ii.  €1,082,000 plus 11.75% interest per annum as from January 1, 2014 until the moment of settlement of the judgment by Defendant related to the 2004 Bonds;

   iii. €787,000 plus 12.75% interest per annum as from January 1, 2014 until the moment of settlement of the judgment by Defendant related to the 2005 Bonds; and

   iv.  Litigation costs.

19.     Pursuant to the April 2018 Judgment, Defendant must pay to Plaintiff:

   i.   €34,368 as reimbursement for certain court fees in connection with the German proceeding;

   ii.  €24,587.55 as reimbursement for certain attorney fees in connection with the German proceeding; and

   iii. Interest in the amount of 5% above the applicable prime rate since January 2, 2018 as specified in the April 2018 Judgment.

20. As of filing of this Complaint, no payments have been received with respect to the Judgments. As expressly provided in the Judgments, interest will continue to accrue until Defendant satisfies its obligations under the Judgments.

## CLAIM FOR RELIEF

21. Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

22. Germany is a "foreign country" within the meaning of N.Y. C.P.L.R. § 5301(a).

23. Each of the Judgments is a "foreign country judgment" within the meaning of N.Y. C.P.L.R. § 5301(b).

24. Each of the Judgments is "final, conclusive and enforceable" in Germany within the meaning of N.Y. C.P.L.R. § 5302.

25. Each of the Judgments grants recovery of a sum of money and is enforceable by an action on the judgment in New York pursuant to N.Y. C.P.L.R. § 5303.

26. No discretionary bar to recognition pursuant to N.Y. C.P.L.R. § 5304(b) exists.

27. Each of the Judgments is required to be enforced pursuant to N.Y. C.P.L.R. § 5303.

28. Accordingly, Plaintiff is entitled to an order recognizing the Judgments as a judgment of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant, and requests the following relief:

A. That the Court enter an order pursuant to N.Y. C.P.L.R. § 5303 enforcing each of the Judgments against Defendant and ordering that the pecuniary obligations in the Judgments in favor of Plaintiff and against Defendant be recognized and entered as a judgment by the Clerk of

this Court in the same manner and with the same force and effect as if the Judgments were final judgments of this Court; and

      B.     That the Court enter judgment in favor of Plaintiff and against Defendant in the following amounts:

      (i) with respect to the 2004 Bonds, (a) €1,082,000 *plus* (b) 11.75% interest per annum on such amount from January 1, 2014 up to the date when payment is made in full;

      (ii) with respect to the 2005 Bonds, (a) €787,000.00 *plus* (b) 12.75% interest per annum on such amount from January 1, 2014 up to the date when payment is made in full;

      (iii) with respect to the 2006 Bonds, (a) €818,000 *plus* (b) 12.625% interest per annum on such amount from January 1, 2014 up to the date when payment is made in full; and

      (iv) with respect to the April 2018 Judgment, (a) €58,955.55 *plus* (b) interest on such amount of 5% above the applicable prime rate since January 2, 2018 as specified in the April 2018 Judgment; and

      C.     That Plaintiff be awarded its costs, disbursements and attorneys' fees in this action, and such other and further relief as the Court deems just and proper.

      [*Remainder of page intentionally left blank*]

Dated: July 12, 2021

                              **MORGAN, LEWIS & BOCKIUS LLP**

By:  /s/ *Kenneth I. Schacter*
     Kenneth I. Schacter
     101 Park Ave.
     New York, NY 10178-0060
     Telephone: (212) 309-6865
     Facsimile: (212) 309-6001
     Email: kenneth.schacter@morganlewis.com

     Christopher L. Carter
     One Federal Street
     Boston, MA 02110-1726
     Telephone: (617) 951-8063
     Facsimile: (617) 951-8736
     Email: christopher.carter@morganlewis.com

     David K. Shim
     One State Street
     Hartford, CT 06103-3178
     Telephone: (860) 240-2580
     Facsimile: (860) 240-2701
     Email: david.shim@morganlewis.com

     *Attorneys for Palladian Partners, L.P.*